IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

KAIDEN GALAVIZ (02)

NO. 2:25-CR-083-Z (02)

## FACTUAL RESUME

In support of Kaiden Galaviz's plea of guilty to the offense in Count One of the Superseding Information, Galaviz, the defendant, Benjamin Doyle, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), that is, Possession with Intent to Distribute 5 Grams or More of Methamphetamine (Actual), the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly possessed a controlled substance;

*Second.* That the substance was in fact methamphetamine;

*Third.* That the defendant possessed the substance with the intent to distribute it; and

*Fourth.* That the quantity of the substance was at least 5 grams of methamphetamine (actual).

To "possess with intent to distribute" simply means to possess with intent to

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

Kaiden Galaviz
Factual Resume—Page 1

deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## STIPULATED FACTS

1. On or about April 8, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, Kaiden Galaviz, defendant, did knowingly or intentionally possess with intent to distribute 5 grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

2. On April 8, 2025, Amarillo Police Department (APD) officers conducted surveillance at an apartment in Amarillo, Texas. Kaiden Galaviz was observed coming and going from the apartment. After Galaviz left the apartment, an APD Sergeant observed Galaviz holding the front of his pants as if he had something heavy in his pants, such as a firearm. Galaviz drove from the apartment and was stopped after an officer observed Galaviz fail to signal 100 feet prior to making a turn, which is a violation of the Texas Transportation Code. Galaviz drove into a motel parking lot and stopped his vehicle. Officers made contact with the driver of the vehicle, Galaviz. Galaviz was placed under arrest for the traffic violation.

3. A Potter County Sheriff's Office (PCSO) deputy arrived on scene with a drug detecting canine. During a free-air sniff, the canine alerted to the odor of narcotics coming from the vehicle. During a search of the vehicle, officers located a loaded Taurus GX4, 9mm caliber handgun, serial number 1GA86140, a baggie with 113.5 gross grams

of methamphetamine, a digital scale, and two cellphones in a natural void where the center console meets the dash.

4. Officers conducted an interview with Galaviz. An officer read Galaviz his *Miranda* warnings. Galaviz waived his rights and agreed to make a statement. During the interview, Galaviz admitted that he provided methamphetamine to an individual earlier that same day. Galaviz also admitted to possession of the firearm found in his vehicle, stating that he had the gun for approximately five days. He admitted that he was on his way to deliver the firearm and methamphetamine to an individual at the La Quinta Motel.

5. The suspected methamphetamine seized was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 100.3 grams and a purity level of approximately 100 percent.

6. Galaviz admits that he knowingly possessed with intent to distribute 5 grams or more of a controlled substance, namely methamphetamine (actual), a Schedule II controlled substance.

7. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Superseding Information.

AGREED TO AND STIPULATED on this 31st day of October, 2025.

                                                                NANCY E. LARSON
                                                                ACTING UNITED STATES ATTORNEY

_____    _____
Kaiden Galaviz                                  ANNA MARIE BELL
Defendant                                          Assistant United States Attorney
                                                      New Mexico State Bar Number 12501
                                                      500 South Taylor Street, Suite 300
_____    Amarillo, Texas 79101-2446
Benjamin Doyle                                  Tel: 806-324-2356
Attorney for Defendant                       Fax: 806-324-2399
                                                      Email: anna.bell@usdoj.gov