IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:25-CR-083-Z (01) |
| KRISTINA MARIE RAMOS (01) | |

## FACTUAL RESUME

In support of Kristina Marie Ramos's plea of guilty to the offense in Count One of the indictment, Ramos, the defendant, Bethany Stephens, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(viii), that is, Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

First.    That the defendant and at least one other person made an agreement to commit the crime of distribution or possession with intent to distribute methamphetamine, as charged in the indictment;

Second.    That the defendant knew the purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose;

Third.    That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy;

---

[1] Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2024).

*Fourth.*     That the overall scope of the conspiracy involved at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine;

*Fifth.*      That the defendant knew or reasonably should have known that the scope of the conspiracy involved at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

To prove the offense of distribution or possession with intent to distribute 500

grams of more of methamphetamine, the government must prove each of the following

elements beyond a reasonable doubt:[2]

*First.*     That the defendant knowingly distributed or possessed a controlled substance;

---

[2] Fifth Circuit Pattern Jury Instruction 2.95 (5th Cir. 2024); *United States v. Ambriz*, 727 F.3d 378, 382-84 (5th Cir. 2013).

**Kristina Marie Ramos**
**Factual Resume—Page 2**

*Second.*    That the substance was in fact methamphetamine;

*Third.*    That the defendant possessed the substance with the intent to distribute it; and

*Fourth.*    That the quantity of the substance was at least 500 grams or more of methamphetamine.

## STIPULATED FACTS

1.    Beginning on or about a date unknown and continuing until on or about April 8, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, Kristina Marie Ramos, defendant, did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to commit an offense against the United States, that is, to knowingly and intentionally distribute or possess with intent to distribute 500 grams or more a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), all in violation of Title 21, United States Code, Section 846.

2.    On February 12, 2025, Amarillo Police Department (APD) officers used a confidential informant (CI) to conduct a controlled purchase of a quarter pound of methamphetamine from Michael Anthony Alcorta for $950. Surveillance followed the CI as they met with Alcorta. As the CI rode with Alcorta, Alcorta explained that they were on their way to meet his source of supply. Alcorta and the CI parked at the Toot N Totum located at 2151 SE 34th Avenue, Amarillo, Texas. Kristina Marie Ramos parked her vehicle at the gas pumps and Alcorta parked near her. Alcorta got into Ramos's

**Kristina Marie Ramos**
**Factual Resume—Page 3**

vehicle and then returned to his vehicle. Ramos drove away and Alcorta left the parking

lot in a different direction. Alcorta told the CI that they were going to "her house."

3.      Ramos drove to her apartment located at 2500 S. Spring Street, apartment

113, Amarillo, Texas. Alcorta and the CI arrived at the complex, and Ramos and Alcorta

went into Ramos's apartment. Alcorta then returned to his vehicle where the CI was

waiting. Alcorta provided the CI with 111.31 gross grams of methamphetamine. The CI

later met with APD officers and provided them the methamphetamine.

4.      On March 31, 2025, APD officers conducted a second purchase of

methamphetamine from Alcorta using a CI. The CI was instructed to purchase a quarter

pound of methamphetamine for $1,100 from Alcorta. The CI meth with Alcorta at a

residence. Alcorta entered the CI's vehicle and told the CI to drive to the S. Spring

apartment complex. Once at the apartment complex, Alcorta exited the vehicle and

entered Ramos's apartment while the CI remained inside the vehicle. The CI made a

phone call to Alcorta, who said that they were weighing the methamphetamine and then

would leave the apartment. Alcorta left the apartment and got back into the CI's vehicle.

Alcorta sold the CI 112.10 gross grams of methamphetamine. The CI later provided the

methamphetamine to officers.

5.      On that same day, APD officers executed a search warrant at Ramos's

apartment. Officers located Ramos inside of the apartment. During a search of the

residence, officers located three firearms (listed in Count 5 of the indictment, numbers 2-

4), $1,154, and baggies containing an off-white crystalline substance suspected to be

methamphetamine with an approximate gross weight of 21.4 gross grams.

**Kristina Marie Ramos**
**Factual Resume—Page 4**

6.  Officers conducted an interview with Ramos.  An officer read Ramos her *Miranda* warnings.  Ramos waived her rights and agreed to make a statement.  During the interview, Ramos admitted to distributing methamphetamine. Ramos admitted to receiving over ten pounds of methamphetamine from her source of supply since December 2024. Ramos admitted to possessing the Glock 43 handgun but claimed that the other two firearms belonged to her boyfriend, Kaiden Galaviz.  Ramos also admitted to possessing the money as well.  Ramos admitted to supplying two different people with a quarter pound quantities of methamphetamine.  She identified Michael Alcorta as one of her customers.

7.  The suspected methamphetamine sold by Ramos and Alcorta on February 12, 2025 was sent to the DPS Laboratory.  The DPS Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance.  The substance had a total net weight of 111.31 grams.

8.  The suspected methamphetamine sold by Ramos and Alcorta on March 31, 2025 was sent to the DPS Laboratory.  The DPS Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance.  The substance had a total net weight of 112.1 grams.

9.  The suspected methamphetamine seized from Ramos's apartment was sent to the DEA South Central Laboratory.  The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance.  The substance had a total net weight of 19.133 grams and a purity level of approximately 98-99 percent

10.    Ramos admits that she and at least one other person made an agreement to commit the crime of distribution or possession with intent to distribute 500 grams or more of methamphetamine, as charged in the indictment. Ramos admits that she knew the purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose. Ramos admits that during the existence of the conspiracy, she knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

11.    The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

AGREED TO AND STIPULATED on this 6th day of November , 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY


_____
Kristina Marie Ramos
Defendant


_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

_____
Bethany Stephens
Attorney for Defendant

Kristina Marie Ramos
Factual Resume—Page 6